**ORAL ARGUMENT NOT YET SCHEDULED**

**UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| SIERRA CLUB, *et al.*, ) <br> ) <br> *Petitioners*, ) <br> ) <br> v. ) <br> ) <br> U.S. ENVIRONMENTAL ) <br> PROTECTION AGENCY, *et al.*, ) <br> ) <br> *Respondents*. ) | No. 13-1262 <br> (and consolidated cases) |

**ENVIRONMENTAL PETITIONERS' MOTION TO DECONSOLIDATE CASE NO. 13-1262 AND HOLD IT IN ABEYANCE**

In light of the Joint Motion to Govern Future Proceedings and to Exceed the Limits on the Length of Briefs filed today by the other Petitioners and the Respondents in these consolidated cases, the Petitioners in No. 13-1262 (Sierra Club and the Natural Resources Defense Council (collectively, "Environmental Petitioners")) move to deconsolidate No. 13-1262 from the consolidated petitions for review[1] and hold it in abeyance pending a decision on a joint motion to enter a consent decree in Sierra Club v. EPA, No. 3:13-cv-03953-SI (N.D. Cal., filed Aug. 26, 2013), with motions to govern due 30 days after that decision.[2] Environmental

---

[1] The other actions presently consolidated are Nos. 13-1263, 13-1264, 13-1309, 14-1093, and 14-1164.

[2] So long as this motion is granted, Environmental Petitioners take no position on the other motion to govern. If this motion is denied, Environmental Petitioners

Petitioners' claim in No. 13-1262—that EPA failed to promulgate all designations required by the Clean Air Act—is unique and does not overlap with the other petitions, which are concerned with challenging the substance of specific, final designations that EPA did promulgate. Moreover, the outcome of the Northern District of California proceeding could obviate the need for Environmental Petitioners to proceed with their case in this Court. Therefore, it would be an efficient use of resources to grant Environmental Petitioners' request.

In the event that the Court denies Environmental Petitioners' request for deconsolidation, they respectfully request that the Court hold the petitions for review in abeyance until the Northern District of California enters final judgment on their complaint, with motions to govern due 30 days after that date.

This motion is not opposed by Respondent EPA, Petitioner Illinois Power Resources Generating, or by Intervenors American Forest and Paper Association, Louisiana Department of Environmental Quality, NAAQS Implementation Coalition, National Environmental Development Association's Clean Air Project ("NEDA/CAP"), or Utility Air Regulatory Group. Petitioners Treasure State Resource Industry Association and U.S. Steel take no position on this motion. In its capacity as Intervenor in this case, Treasure State Resource Industry

---

concur that the briefing schedule and format proposed in the other motion to govern must be amended.

Association does not oppose deconsolidating No. 13-1262 and takes no position on holding No. 13-1262 in abeyance. Intervenors Commonwealth of Kentucky, State of North Dakota, and State of Texas do not oppose deconsolidating No. 13-1262 and reserve their position on holding No. 13-1262 in abeyance.

## BACKGROUND

The Clean Air Act imposes a nondiscretionary duty on EPA to promulgate and publish air quality designations ("nonattainment," "attainment," or "unclassifiable") for all areas of the country no later than three years after the promulgation of a new or revised national ambient air quality standard. 42 U.S.C. §7407(d)(1)(B)(i), (d)(2)(A). EPA promulgated a revised and more protective national ambient air quality standard for sulfur dioxide on June 2, 2010 and, accordingly, designations were due no later than June 2, 2013. 75 Fed. Reg. 35,520, 35,592/1 (June 22, 2010). EPA failed to promulgate any designations by that date.

Two months after the deadline, EPA promulgated final air quality designations for twenty-nine areas of the country. 78 Fed. Reg. 47,191 (Aug. 5, 2013). It is this action that is the subject of the petitions for review. The twenty-nine areas designated by EPA only constitute a small fraction of the areas that EPA is required to designate. *Id.* at 47,191/3. In the notice, EPA explained that it "is

3

not yet prepared to issue designations" for all other areas, and that those areas "are consequently not addressed in this final rule." *Id.*; *see also id.* at 47,193/3-94/1.

Environmental Petitioners brought two legal actions that concern EPA's failure to promulgate designations for those areas not addressed in the August 5, 2013 action: a deadline suit in district court, and the present petition.

Challenging EPA's failure to promulgate designations by the statutory deadline, Sierra Club and Natural Resources Defense Council first filed a complaint against EPA in the United States District Court for the Northern District of California ("District Court") on August 26, 2013, asserting jurisdiction under the Clean Air Act's citizen suit provision, 42 U.S.C. § 7604(a), (a)(2). *See* Complaint for Declaratory and Injunctive Relief, DKT#1, ¶2, Sierra Club v. EPA, No. 3:13-cv-03953-SI (N.D. Cal.). The complaint alleged that EPA "had a nondiscretionary duty to promulgate" final designations "of all areas in each State" for the sulfur dioxide national ambient air quality standard "no later than three years from promulgation" of the standard (i.e., by June 2, 2013), and that EPA did not do so. *Id.* ¶¶34-36. The complaint requested an order "requiring EPA to perform its mandatory duties by a certain date forthwith." *Id.* at Request for Relief.

As well as admitting as intervenors numerous states, the District Court granted summary judgment on liability in favor of Sierra Club and Natural

Resources Defense Council in December 2013. Order Granting States' Motions to Intervene and Granting Plaintiff's Motion for Summary Judgment, DKT#79, Sierra Club v. EPA, No. 3:13-cv-03953-SI (N.D. Cal.). On remedy, after briefing the issue, the plaintiffs and defendant EPA reached an agreement (in the form of a consent decree) on a schedule that requires EPA to complete designations for all undesignated areas, and in August 2014, the settling parties filed a motion for entry of the consent decree. Notice of Motion and Motion to Enter Consent Decree, DKT#120, Sierra Club v. EPA, No. 3:13-cv-03953-SI (N.D. Cal.). NEDA/CAP (an *amicus curiae* in the District Court action and an intervenor in No. 13-1262) filed an amicus brief in the District Court that questioned the District Court's jurisdiction to enter the consent decree. A hearing on the motion for entry of the consent decree is scheduled in the District Court for October 31, 2014.[3]

In addition to filing the deadline suit, Environmental Petitioners filed a protective petition for review of the designations rule in this Court raising the following issue:

> The Clean Air Act required respondents ("EPA") to promulgate and publish designations for all areas of the country for the 2010 sulfur dioxide National Ambient Air Quality Standard by June 2013. In the final action under review, EPA promulgated designations for only 29 areas, and did not

---

[3] On October 2, 2014, EPA filed a motion to continue the hearing date to November 14, 2014. As of this filing, the District Court had not ruled on the motion.

promulgate any designation for any other areas. The question is whether EPA acted illegally and arbitrarily *by failing to include* sulfur dioxide designations for all areas of the country in the final action at issue here.

Non-Binding Statement of Issues for Petitioners Sierra Club and Natural Resources Defense Council, Doc. #1464475 (filed Nov. 4, 2013) (emphasis added). Several parties have intervened specifically in Environmental Petitioners' case as petitioners, respondents, potentially both, or without any statement as to their role. Environmental Petitioners' petition in this Court has been consolidated with several other petitions challenging EPA's designations rule and, without any opposition from any party, has been held in abeyance through the present date.

## ARGUMENT

### I. The Court Should Deconsolidate the Petition for Review and Hold It in Abeyance.

To conserve the resources of the judiciary and the parties, and to avoid simultaneously litigating in multiple courts the issue of EPA's failure to complete all designations, Environmental Petitioners respectfully request that their petition for review be deconsolidated from the other petitions, and held in abeyance pending the District Court's determination of whether to enter the consent decree.

Environmental Petitioners have long believed that jurisdiction for a challenge to EPA's failure to designate the remaining areas lies in the District Court. The District Court complaint does not challenge the designations rule itself.

6

In light of the Clean Air Act's scheme of bifurcated jurisdiction,[4] and out of an abundance of caution, however, Environmental Petitioners filed this petition as a protective measure. *See Eagle-Picher Indus. v. EPA*, 759 F.2d 905, 912 (D.C. Cir. 1985) ("we have previously admonished petitioners of the wisdom of filing protective petitions for review during the statutory period").

 Accordingly, Environmental Petitioners have sought to keep this petition held in abeyance while the District Court action advances toward a final resolution. A decision from the District Court on the joint motion to enter the consent decree is likely not far off (a hearing is scheduled for October 31, 2014), and the results of the District Court proceedings may eliminate the need for Environmental Petitioners to maintain this petition. Deconsolidating this petition from the other petitions and holding it in abeyance pending the outcome of those proceedings will serve the Court's and the parties' interest in efficiency by preventing duplicative

---

[4] The Clean Air Act assigns jurisdiction to district courts to hear actions "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2). In such a missed deadline suit, the district courts have jurisdiction "to order the Administrator to perform such act or duty." *Id.* § 7604(a). By contrast, the Clean Air Act authorizes this Court to hear a petition for review of any "nationally applicable regulations promulgated, or final action taken, by the Administrator." *Id.* § 7607(b)(1). In addition, "[w]here a final decision by the Administrator defers performance of any nondiscretionary statutory action to a later time, any person may challenge the deferral" in this Court. *Id.* § 7607(b)(2).

parallel litigation. Encouraging such efficiency is consistent with this Court's case law and practice. *See, e.g.*, *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349-50 (D.C. Cir. 2003) ("parallel litigation of factually related cases in separate fora is inefficient.").

By contrast, permitting the other currently consolidated cases to proceed to briefing now will not lead to duplicative judicial review in this Court. The other petitions challenge specific final air quality designations that EPA made in its August 5, 2013 action. *See* Nonbinding Statement of Issues of Petitioner Treasure State Resource Industry Association, Doc. #1464881 (filed Nov. 6, 2013) (challenge to designation in Yellowstone County, Montana); Nonbinding Statement of Issues of United States Steel Corporation, Doc. #1464971 (filed Nov. 6, 2013) (challenge to designation in Wayne County, Michigan); Statement of Issues of Illinois Power Resources Generating, LLC, Doc. #1507529 (filed Aug. 14, 2014) (challenge to designation of Pekin, Illinois area). Those claims raise issues limited to discrete areas of the country and specific decisions that EPA actually made with respect to them. They are thus sufficiently distinct from Environmental Petitioners' claim that EPA failed to make final designations for other areas that granting this motion will not inconvenience the Court or prejudice any petitioner.

8

Nor would there be any prejudice to the intervenors to continue to hold this action in abeyance for a brief, additional period to see whether Environmental Petitioners' case will need to proceed at all. This petition for review has already been on hold for nearly a year without protest by any intervenor as the District Court action proceeded actively. A hearing in the District Court action now is scheduled to occur in less than a month, and a decision can be expected soon thereafter.

## II. In the Alternative, the Court Should Hold the Consolidated Action in Abeyance Until Resolution of the District Court Action.

Should this Court decide not to deconsolidate and hold in abeyance No. 13-1262, Environmental Petitioners request that in lieu of the briefing schedule proposed in the motion to govern filed by EPA today, the Court hold the consolidated action in abeyance until the District Court's entry of final judgment in that case. Holding the action in abeyance in this manner would promote efficient resolution of these matters and avoid requiring the parties to engage in duplicative briefing, for all the reasons given above. Any delay in briefing should be minor in light of the October 31 hearing date for the District Court's consideration of the consent decree, which may well resolve Sierra Club and Natural Resources Defense Council's complaint.

## CONCLUSION

For the foregoing reasons, Environmental Petitioners respectfully request that the Court grant their motion and issue an order deconsolidating No. 13-1262 and holding it in abeyance pending a decision on the joint motion to enter the consent decree that is before the Northern District of California. Environmental Petitioners propose that the parties to their petition file a motion to govern within 30 days of a decision on the joint motion to enter the consent decree.

In the alternative, Environmental Petitioners request that the Court hold the consolidated action in abeyance until the Northern District of California enters final judgment on the complaint. Environmental Petitioners propose that the parties file a motion to govern within 30 days of entry of final judgment in the District Court proceeding.

DATED: October 3, 2014
Respectfully submitted,

/s/Nicholas Morales
Nicholas Morales
Seth L. Johnson
David S. Baron
Earthjustice
1625 Massachusetts Ave., NW, Suite 702
Washington, DC 20036-2212
(202) 667-4500
nmorales@earthjustice.org
sjohnson@earthjustice.org
dbaron@earthjustice.org

*Counsel for Environmental Petitioners*

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2014, I have served the foregoing **ENVIRONMENTAL PETITIONERS' MOTION TO DECONSOLIDATE CASE NO. 13-1262 AND HOLD IT IN ABEYANCE** on all registered counsel through the court's electronic filing system (ECF).

/s/Nicholas Morales
Nicholas Morales